IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA WELLS,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of the Social Security<br>Administration,<br>    Defendant. | CIVIL ACTION<br>No. 13-6609 |

## ORDER

AND NOW, this 15th day of December 2014, upon careful and independent consideration of Plaintiff's Brief and Statement of Issues [Doc. No. 11], Defendant's Response [Doc. No. 12], Plaintiff's Reply [Doc. No. 13], and the administrative record, and upon review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice [Doc. No. 17], to which there were no objections, the Court finds that the administrative record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation [Doc. No. 17] is **APPROVED** and **ADOPTED**, Plaintiff's request for remand is **GRANTED**, and this matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.[1]

The Clerk of Court is **DIRECTED** to close this case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
CYNTHIA M. RUFE, J.

---

[1] Consistent with the R & R, on remand, the ALJ shall consider Laws' symptoms of depression and the impact of those symptoms on her residual functional capacity. Any hypothetical posed to a vocational expert shall contain all credible exertional and non-exertional limitations. In addition, as discussed in Footnote 3 of the R & R, on remand, the ALJ should not divide a composite job into two jobs when analyzing Laws' ability to perform past relevant work.